Mark R. Figueiredo, Esq. (State Bar No. 178850)
Elias E. Salameh, Esq. (State Bar No. 251871)
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501
mrf@structurelaw.com
esalameh@structurelaw.com

Attorneys for Plaintiff
VIVOTEK USA, INC.


Richard J. Mooney, Esq. (State Bar No. 176486)
RIMON P.C.
One Embarcadero Center #400
San Francisco, CA 94111
Telephone: (415) 683-5472
richard.mooney@rimonlaw.com

Attorneys for Defendants
4XEM CORPORATION, INC. and JOHN FORTIER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVOTEK USA, INC., a California corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>4XEM CORPORATION, INC., incorporated under the laws of Canada; and JOHN FORTIER, an individual, doing business as 4XEM USA,<br><br>                    Defendants. | CASE NO. CV 13-04452 PSG<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:   January 28, 2014<br>Time:  10:00 a.m.<br>Dept.:   5<br>Judge: Hon. Paul S. Grewal |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT AND [~~PROPOSED~~] ORDER pursuant to the Standing Order for All Judges of the Northern District of CA, dated July 1, 2011 and Civil Local Rule 16-9.

1. Jurisdiction & Service

This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity of citizenship and the matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.  Plaintiff Vivotek USA, Inc. ("Plaintiff") is a California corporation, having its principle place of business located at 2050 Ringwood Avenue, San Jose, CA 95131.  Defendant 4XEM Corporation, Inc. ("4XEM CANADA") is a business entity incorporated under the laws of Canada, having its principle place of business at 17 Easton Road, Unit 6, Brantford, Ontario N3P 1J4, Canada.  Defendant John Fortier is not a citizen or resident of California.  He is a citizen of Ontario, Canada, and Plaintiff alleges (and Defendants deny) that Mr. Fortier is also a citizen of Nevada.

Defendant 4XEM CANADA was served with the summons and complaint on December 4, 2013.  4XEM CANADA answered the complaint on December 24, 2013.  Plaintiff alleges that valid service was made on Defendant Fortier on October 9, 2013.  No timely response to this service was received, and a default was taken on November 15, 2013.  Fortier subsequently filed a motion to set aside default on December 24, 2013.  Fortier contests that he was validly served.  The motion was not opposed and will come on for a hearing on January 28, 2014.  No additional parties remain to be served.

2. Facts

Plaintiff has alleged the following factual background.  Plaintiff develops, manufactures and sells video surveillance security equipment and related equipment and software.  These products are sold through a world-wide network of authorized distributors.  Defendants are resellers of surveillance and other electronics products.  Through June, 2013, Defendants were authorized distributors of Plaintiff's products.  During that period, Defendants placed purchase orders for Plaintiff's products.  Pursuant to those purchase orders Plaintiff provided Defendants

with shipments of products.  Within the past 2 years, Defendants made payments in the aggregate amount of $262,497.95 towards the accounts receivable incurred under their purchase orders with Plaintiff.  After application of payments, Defendants have an unpaid balance of $314,008.46 due and owing to Plaintiff.  Plaintiff has demanded repayment of this balance.  Defendants have failed and refused to pay this sum, and the amount of $314,008.46 remains due and owing to Plaintiff, exclusive of interest.

Through June, 2013, Defendants were authorized to make certain consignment sales of Plaintiff's products whereby Defendants would arrange for the sale of Plaintiff's products to a third party, the third party would pay Plaintiff directly for these products, and Plaintiff would then pay Defendants a percentage thereof.  One such third party was Ingram Micro, a technology distribution company.  In or about February, 2013, Plaintiff shipped certain products to Ingram Micro on behalf of Defendants.  In violation of their consignment agreement with Plaintiff, Defendants received payment directly from Ingram Micro.  The portion of this sale that would have been retained by Plaintiff, less the payment that would have been made to Defendants, is $67,712.  Plaintiff has demanded payment of this balance.  Defendants have failed and refused to pay this sum, and the entire amount remains due and owing to Plaintiff, exclusive of interest.

Defendant 4XEM CANADA has denied the principal allegations of the complaint (while acknowledging that 4XEM CANADA and Plaintiff had a business relationship).  If the unopposed motion to set aside the default as to Mr. Fortier is granted, Mr. Fortier will deny the principal allegations of the complaint.

3.  <u>Legal Issues</u>

The parties do not anticipate any novel or particularly complicated legal issues at this stage.  Plaintiff's complaint raises claims for breach of contract, common counts, quantum valebant and conversion.  These issues will be largely decided based on the facts of the matter.  Although Defendant believes that certain of the claims are not properly pleaded, neither Plaintiff nor Defendants believe there will be any significant dispute regarding legal issues.

4. <u>Motions</u>

*Pending Motions:*

Defendant Fortier's motion to set aside default:  Mr. Fortier filed the motion on December 24, 2013.  Plaintiff did not respond.  Mr. Fortier filed a brief "reply" on January 14, 2014.  The motion is set for hearing on January 28, 2014.

*Plaintiff's Anticipated Motions:*

Plaintiff anticipates possibly filing a motion for summary judgment and a motion for right to attach order and writ of attachment.  However, discovery and pre-trial motions may be filed as needed.

*Defendants' Anticipated Motions:*

Defendant may file a motion for summary judgment or for partial summary judgment.

5. <u>Amendment of Pleadings</u>

The parties do not anticipate any specific amending of the pleadings at this time.

6.  <u>Evidence Preservation</u>

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  The parties further certify that they have met and conferred pursuant to F.R.C.P. 26(f).

7. <u>Disclosures</u>

The parties have complied with the initial disclosure requirements of F.R.C.P. 26.  Counsel for Plaintiff and Defendants completed an initial document exchange on January 13, 2014.  The parties are in the process of reviewing the documents disclosed as part of this initial document exchange, but anticipate that upon the completion of such a review each side will be deemed to be in compliance with the initial disclosure requirements.

8. <u>Discovery</u>

No discovery has been taken to date.  The parties anticipate propounding written discovery and taking the depositions of, including but not limited to, the corporate representatives of Plaintiff, Defendant 4XEM CANADA, and individual defendant Fortier.

9. <u>Class Actions</u>

No class action certification is anticipated in this matter.

10. <u>Related Cases</u>

There are no related cases.

11. <u>Relief</u>

Plaintiff is claiming damages in the sum of $381,720, or as according to proof.  These damages are calculated as per the statement of facts, above, and as described in Plaintiff's complaint.  Plaintiff is also claiming all applicable interest, costs of suit, attorneys' fees, punitive damages, and all other and further relief as the court may deem just and proper.

Defendants contest liability, and contest the amount of damages alleged, should liability be established.

12. <u>Settlement and ADR</u>

It is anticipated that written discovery will provide a basis from which the parties can explore settlement.  The parties anticipate pursuing mediation, or some other mutually agreeable form of ADR, after initial written discovery proceeds.

13. <u>Consent to Magistrate Judge For All Purposes</u>

All parties consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14. <u>Other References</u>

Not applicable.

15. <u>Narrowing of Issues</u>

The parties anticipate that certain issues in this matter may be suitable for narrowing, either through agreement or motion, following the completion of written discovery.

16. <u>Expedited Trial Procedure</u>

Not applicable.

17. <u>Scheduling</u>

The parties propose the following pretrial schedule:

JOINT CASE MANAGEMENT STATEMENT AND [~~PROPOSED~~] ORDER

    Fact Discovery Cutoff:  June 20, 2014

    Designation of Experts with Reports:  July 18, 2014

    Designation of Rebuttal Experts (if any) with Reports:  August 1, 2014

    Expert Discovery Cutoff:  August 29, 2014

    Last Day for Hearing on Dispositive Motions:  October 3, 2014

    Final Pretrial Conference:  November 7, 2014

18. <u>Trial</u>

  All parties request a trial by jury.  Trial is anticipated to last one week.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

  Plaintiff:  Vivotek Holding; Wen-Chang Chen; Hung-Chung Hu; and Chih-Chung Lan.

  Defendants:  John Philip Fortier; and Christopher Todd Schaus.

20. <u>Other</u>

  Not applicable.

Dated:  January 21, 2014    STRUCTURE LAW GROUP, LLP

              By:  ___/s/_____
                Mark R. Figueiredo, Esq.
                Attorneys for Plaintiff
                VIVOTEK USA, INC.

Dated:  January 21, 2014    RIMON, P.C.

              By:  ___/s/_____
                Richard Mooney, Esq.
                Attorneys for Defendants
                4XEM CORPORATION, INC. and JOHN FORTIER

JOINT CASE MANAGEMENT STATEMENT AND [<s>PROPOSED</s>] ORDER

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND [~~PROPOSED~~] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: September 3, 2014

_____
MAGISTRATE JUDGE PAUL S. GREWAL